O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY CHUNG, | CV 16-08586-RSWL-PLA |
| Plaintiff, | **ORDER re: Plaintiff's Motion to Dismiss** [49]**;** |
| v. | **Defendants' Motion for Partial Summary Judgment** [47] |
| VAPOROUS TECHNOLOGIES, LLC; CHRISTIAN RADO, | |
| Defendants. | |

Currently before the Court is Plaintiff/Counter Defendant Henry Chung's ("Plaintiff") Motion to Dismiss Infringement Action ("Plaintiff's Motion") and Defendants/Counter Claimants Vaporous Technologies, LLC ("VTL") and Christian Rado's ("Rado") (collectively, "Defendants") Motion for Partial Summary Judgment as to Non-Infringement of the '812 Patent ("Defendants' Motion"). Having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Plaintiff's Motion

1

and **GRANTS** Defendants' Motion.

## I. BACKGROUND

**A.  Factual Background**[1]

Plaintiff is an individual residing in Los Angeles County, California.  Defs.' Statement of Uncontroverted Facts in Supp. of Defs.' Mot. for Partial Summ. J. ("Defs.' SUF") ¶ 1, ECF No. 48.  VTL is a Pennsylvania limited liability company, and Rado is the managing member of VTL.  Id. ¶ 2.

Plaintiff is the owner of the '812 Patent.  Id. ¶ 3.  Plaintiff asserts that Defendants' vaporizer products, the J-Pen Blender 2-in-1 Kit, Pal Tank, and 11 mm Blender 2-in-1 kit (collectively, the "Accused Products"), infringe Claim 1 of the '812 Patent.  Id. ¶ 4.  Claim 1 reads,

> A wet scrubbing electronic cigarette comprising:
> a. an atomizer section having a battery section connection for connection to a battery section, wherein the atomizer section has an atomizer heating section;
> b. a wet scrubbing section comprising:
>    i. a mouthpiece;
>    ii. a water chamber in fluid communication with the mouthpiece, wherein the water chamber provides for scrubbing of incoming airflow;
>    iii. a tubular air passage assembly held within the water chamber, wherein the tubular air passage assembly is in fluid communication with the water chamber; and

---

[1] The Court makes the following factual findings.  See C.D. Cal. R. 56-3 ("[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist.").  But see Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986) ("There is no requirement that the trial judge make findings of fact [when granting summary judgment because] the threshold inquiry [is whether] there are any genuine factual issues."); Taybron v. City & Cty. of S.F., 341 F.3d 957, 959 n.2 (9th Cir. 2003).

2

```
            c. a battery section powering the atomizer
               section;
            wherein the tubular air passage assembly further
               comprises:
            a. a ball held within a ball chamber, wherein
               the ball has an open position and a closed
               position;
            b. a ball seat formed on an inside tube;
            c. an outside tube wherein the inside tube is
               fitted inside the outside tube, wherein the
               outside tube connects with the ball chamber;
            d. an air gap formed at a lower end of the
               outside tube.
```

Id. ¶ 5.

**B.  Procedural Background**

Plaintiff filed his Complaint [1] against Defendants on November 17, 2016. On January 17, 2017, Defendants filed their Answer [16] and their Counterclaim [17].

The Court held a <u>Markman</u> hearing on January 23, 2018 to construe the term "water chamber." The Court issued its Order re: Claim Construction on January 25, 2018 construing "the term 'water chamber' as a chamber for holding water, not other liquids." Order re: Claim Construction 13:6-8, ECF No. 46.

Defendants filed their Motion [47] on April 23, 2018. Plaintiff filed his Motion [49] on April 24, 2018. The parties timely opposed [54, 55] and replied [57, 58] to the Motions. Defendants filed their Objection [59] to Plaintiff's Reply in support of his Motion to Dismiss, arguing that Plaintiff raised arguments not discussed or referenced in Defendants' Opposition.

///

**II. DISCUSSION**

**A. Legal Standard**

    1. <u>Motion to Dismiss under Rule 41(a)(2)</u>

Under Federal Rule of Civil Procedure ("Rule") 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." <u>Westlands Water Dist. v. United States</u>, 100 F.3d 94, 97 (9th Cir. 1996).

    2. <u>Motion for Summary Judgment</u>

Rule 56(a) states that a "court shall grant summary judgment" when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine" issue exists if the evidence is such that a reasonable fact-

finder could return a verdict for the nonmovant. <u>Anderson, Inc.</u>, 477 U.S. at 248. The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to the nonmovant. <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, 715 F.2d 1327, 1328-29 (9th Cir. 1983). In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. <u>Anderson</u>, 477 U.S. at 255.

Where the nonmovant bears the burden of proof at trial, the movant need only prove that there is no evidence to support the nonmovant's case. <u>In re Oracle Corp. Secs. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010). If the movant satisfies this burden, the burden then shifts to the nonmovant to produce admissible evidence showing a triable issue of fact. <u>Id.</u>; <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102-03 (9th Cir. 2000); <u>see also</u> <u>Cleveland v. Policy Mgmt. Sys. Corp.</u>, 526 U.S. 795, 805-06 (1999) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

**B. Discussion**

1. <u>Plaintiff's Motion</u>

Defendants do not necessarily take issue with the dismissal of Plaintiff's Complaint and instead request that they be named the prevailing party for purposes of filing a motion for attorneys' fees under 35 U.S.C. § 285. However, Defendants still do oppose Plaintiff's Motion. Therefore, while there may not be any legal

prejudice to Defendants should the Court dismiss Plaintiff's Complaint, see Smith, 263 F.3d at 976, the Court is bound by the second sentence of Rule 41(a)(2), which permits dismissal "only if [Defendants'] counterclaim can remain pending for independent adjudication." The primary issue with dismissing Plaintiff's claim is whether Defendants' counterclaims can remain pending for *independent adjudication*.

The Federal Circuit has repeatedly held that if a plaintiff convenants not to sue on a patent, the court is divested of subject matter jurisdiction over a defendant's declaratory judgment counterclaims. See, e.g., King Pharm., Inc. v. Eon Labs., Inc., 616 F.3d 1267, 1282 (Fed. Cir. 2010) (holding that a covenant not to sue for infringement "remove[s] any case or controversy that may have existed between the parties at one point"); Benitec Austl., Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1347 (Fed. Cir. 2007); Microchip Tech. Inc. v. Chamberlain Grp., Inc., 441 F.3d 936, 943 (Fed. Cir. 2006) (vacating district court's grant of summary judgment of invalidity because the declaratory judgment plaintiff could "not identif[y] a single legal claim that it believes [the defendant] could have brought against it in the absence of [the] declaratory judgment action"). Here, Plaintiff seeks to dismiss his infringement claim with prejudice. Dismissal with prejudice has the same effect as Plaintiff entering into a covenant not to sue. See Ltd. v. Compal Elecs.

Inc. Grp., No. 14CV1688 DMS (KSC), 2015 WL 11570939, at *4 (S.D. Cal. Dec. 11, 2015). Plaintiff would therefore be foreclosed from re-asserting his infringement claim against Defendants. Without the risk of an infringement suit regarding the '812 Patent, "there will no longer be any basis for this Court to continue to exercise jurisdiction over [Defendants'] counterclaims for declaratory judgment." In re Rivastigmine Patent Litig., No. 05 MD 1661 (HB) (JCF), 2007 U.S. Dist. LEXIS 28576, at *17-18 (S.D.N.Y. Apr. 19, 2007); see Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1032 n.1 (Fed. Cir. 2006) ("[T]he covenant [not to sue] may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims."); Nat'l Prods. v. Gamber-Johnson LLC, No. C07-1985RAJ, 2008 U.S. Dist. LEXIS 128463, at *13 (W.D. Wash. Apr. 23, 2008) (finding court lacked jurisdiction over declaratory judgment of non-infringement counterclaim when court dismissed plaintiff's patent infringement claims).

Accordingly, if the Court dismisses Plaintiff's infringement claim, Defendants' counterclaims cannot remain pending for independent adjudication. Therefore, the Court **DENIES** Plaintiff's Motion.

2. Defendants' Motion

Defendants move for summary judgment as to non-

infringement of the '812 Patent. Courts employ a two-step analysis to determine whether an accused product literally infringes a patent's claims. <u>Telemac Cellular Corp. v. Topp Telecom, Inc.</u>, 247 F.3d 1316, 1330 (Fed. Cir. 2001). First, the patent's claims must be "construed to determine their scope." <u>Id.</u> "The second step requires a comparison of the properly construed claim to the accused device." <u>Power Mosfet Techs., L.L.C. v. Siemens AG</u>, 378 F.3d 1396, 1406 (Fed. Cir. 2004). "Literal infringement exists when every limitation recited in the claim is found in the accused device." <u>Akzo Nobel Coatings, Inc. v. Dow Chem. Co.</u>, 811 F.3d 1334, 1341 (Fed. Cir. 2016). "To support a summary judgment of noninfringement it must be shown that, on the correct claim construction, no reasonable jury could have found infringement on the undisputed facts or when all reasonable factual inferences are drawn in favor of the patentee." <u>TechSearch L.L.C. v. Intel Corp.</u>, 286 F.3d 1360, 1371 (Fed. Cir. 2002) (citation omitted). "Thus, the party opposing the motion for summary judgment of noninfringment [sic] must point to an evidentiary conflict created on the record, at least by a counter-statement of a fact set forth in detail in an affidavit by a knowledgeable affiant." <u>Id.</u> at 1372.

In their Motion, Defendants focus on the lack of a wet scrubbing section in any of the Accused Products. Specifically, Defendants point to the lack of a water

chamber in any of their products.  Claim 1 of the '812
Patent specifically discloses a water chamber, and
thus, to literally infringe the '812 Patent, each of
the Accused Products must contain a water chamber.  As
the Court held in its Claim Construction Order, a water
chamber is "a chamber for holding water, not other
liquids."  Order re: Claim Construction 13:7-8.
Defendants provide pictures, including cross-sections,
of their products showing the components of each
product.  Defs.' Mot. for Partial Summ. J. 4-6, ECF No.
47.  It is clear from these pictures that none of the
Accused Products includes a water chamber within the
meaning of this Court's claim construction.  The
Accused Products all include a cigarette oil tank, but
these tanks are not meant to hold water.  The cigarette
oil tanks hold the cigarette oil that is then atomized
and turned into the vapor the user inhales.  Without a
water chamber, the Accused Products cannot literally
infringe the '812 Patent.

Despite Plaintiff's assertion that Defendants'
arguments are conclusory and Defendants' expert's
opinions provide no analysis of the structures of
Defendants' products, Defendants do not bear the burden
of proving infringement.  A defendant moving for
summary judgment on non-infringement does "not have to
support its motion with evidence of non-infringement."
<u>Exigent Tech. v. Atrana Sols., Inc.</u>, 442 F.3d 1301,
1308 (Fed. Cir. 2006) (citing <u>Celotex</u>, 477 U.S. at

321). Instead, "nothing more is required than the filing of a summary judgment motion stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations." Id. at 1309.

Plaintiff has failed to provide any evidence of infringement sufficient to raise a genuine issue of material fact. Other than argument, the only piece of evidence Plaintiff provides in support of his Opposition is two pictures of the Accused Products, one containing a cross section of the alleged ball chamber and another showing one of the Accused Products broken up into a few of its components. See Decl. of Alan C. Chen, Ex. A, ECF No. 55-2. However, the focus of these pictures is on the alleged ball chamber Plaintiff claims is contained in the Accused Products. Plaintiff claims that this picture shows that the Accused Products contain a water chamber: "the concealed component in the accused devices is designed so, in operation, liquid drips into the area, above the ball, but does not pass the ball, providing for scrubbing of airflow." Pl.'s Opp'n to Defs.' Mot. for Partial Summ. J. ("Pl.'s Opp'n") 4:13-15, ECF No. 55. This argument is meritless; it does not reference a water chamber at all and instead focuses on what Plaintiff alleges is a ball chamber for wet scrubbing of airflow. Even if the Accused Products contain a ball chamber as recited in Claim 1, they still must contain a water chamber to

literally infringe every limitation of Claim 1.

 Further, nowhere in the pictures Plaintiff provides is there a component resembling a water chamber. Plaintiff argues that the Accused Products contain a liquid chamber, and that while the Court construed water chamber to mean a chamber for holding water, the water chamber does not actually need to hold water. Even if this were true, which would go against the Court's clear claim construction, Plaintiff misses the point of the claimed water chamber—to provide a wet scrubbing of the vapor. Per the language of Claim 1, the water chamber must be "in fluid communication with the mouthpiece, wherein the water chamber provides for scrubbing of incoming airflow." Defs.' SUF ¶ 5. Plaintiff does not provide any evidence that the liquid chamber he claims acts as the water chamber is in fluid communication with the mouthpiece or provides any sort of wet scrubbing of the vapor prior to the user inhaling the vapor. Plaintiff is grasping at straws to create a genuine issue of material fact, and the Court cannot rely solely on Plaintiff's arguments in finding one such genuine issue exists. See Kohler v. Bed Bath & Beyond of Cal., LLC, No. EDCV 11-01246 VAP (OPx), 2012 U.S. Dist. LEXIS 89368, at *17 (C.D. Cal. June 27, 2012) ("No genuine issue of material fact exists if the Court determines that Plaintiff's purported factual disputes fail to actually address Defendant's submitted facts or evidence but instead propound legal arguments

as to the merits of the case."); Fed. R. Civ. Proc. 56(e) (noting that a nonmoving party must put forth "specific facts" to show that a genuine issue of material fact exists).

Because Plaintiff has failed to provide any evidence of a water chamber used to scrub the incoming vapor prior to the user inhaling the vapor, there is no genuine issue of material fact as to literal infringement of Claim 1 of the '812 Patent.

Plaintiff also attempts to rely on the doctrine of equivalents to raise a genuine issue of material fact as to infringement. "One way of proving infringement under the doctrine of equivalents is to show, for each claim limitation, that the accused product 'performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patented product.'" Brilliant Instruments, Inc. v. GuideTech, LLC, 707 F.3d 1342, 1347 (Fed. Cir. 2013) (quoting Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1312 (Fed. Cir. 2009)). Under the doctrine of equivalents, the court asks "whether an asserted equivalent represents an 'insubstantial difference' from the claimed element, or 'whether the substitute element matches the function, way, and result of the claimed element.'" Deere & Co. v. Bush Hog, LLC, 703 F.3d 1349, 1356 (Fed. Cir. 2012) (citation omitted). "If no reasonable jury could find equivalence, then the court

must grant summary judgment of no infringement under the doctrine of equivalents." Id.

Based on the complete lack of evidence and Plaintiff's reliance on argument only, no reasonable jury could find equivalence between the '812 Patent and the functions of the Accused Products. Plaintiff offers no expert testimony, nor does he provide any evidence to show that the Accused Products have a component that serves the necessary wet scrubbing function. He simply provides a picture of one of the Accused Products broken down into its components. Plaintiff's only argument is that "vapor must pass through liquid after it flows through the tube and passes the ball when the ball is in the open position."[2] This argument is hard to follow and does not provide *evidence* that once the cigarette oil is heated in the atomizer, the vapor then passes through some unidentified liquid to cool and clean the vapor. As shown in the pictures both parties provide, the vapor passes through a tube to the mouthpiece. The tube through which the vapor passes does not contain liquid, and Plaintiff does not point to a single container holding liquid through which the vapor must pass before

---

[2] Plaintiff does not make such an argument in the section of his Opposition addressing the doctrine of equivalents. Rather, in that section, Plaintiff simply states that the Accused Products "provide[] substantially the same function . . . in substantially the same way . . . [to] provide[] substantially the same result." Pl.'s Opp'n 7:9-14. Such conclusory argument cannot create a genuine issue of material fact.

13

the user inhales the vapor. Again, Plaintiff must provide *evidence*, not argument, of how the Accused Products perform the same wet scrubbing function of the '812 Patent.[3] Plaintiff has failed to do so, and therefore, no genuine issue of material fact can exist under the doctrine of equivalents.

Because Plaintiff has failed to provide any evidence sufficient to raise a genuine issue of material fact as to infringement, either literal or under the doctrine of equivalents, of the '812 Patent, the Court **GRANTS** Defendants' Motion as to non-infringement of the '812 Patent.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendants' Motion. Because the Court has granted summary judgment in favor of Defendants as to non-infringement of the '812 Patent, the only claim that remains is Defendants' invalidity counterclaim. Defendants may either continue to pursue this counterclaim or voluntarily dismiss it and move forward with a motion for

///
///
///

---

[3] The Court is not asking Plaintiff to provide significant evidence, or even an expert report, to show the Accused Products perform the wet scrubbing function, but Plaintiff must do more than provide two photographs showing parts of one of the Accused Products.

attorneys' fees.

**IT IS SO ORDERED.**

DATED: June 4, 2018      s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge