O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY CHUNG, | CV 16-08586-RSWL-PLA |
| Plaintiff, | |
| | **ORDER re: Defendants' Motion for Attorneys' Fees** [69] |
| v. | |
| VAPOROUS TECHNOLOGIES, LLC, a Pennsylvania limited liability corporation; CHRISTIAN RADO, an individual; and DOES 1-10, | |
| Defendants. | |

Currently before the Court is Defendants/Counter Claimants Vaporous Technologies, LLC ("VTL") and Christian Rado's ("Rado") (collectively, "Defendants") Motion for Attorneys' Fees ("Motion") [69]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Defendants' Motion.

1

## I. BACKGROUND

Plaintiff/Counter Defendant Henry Chung ("Plaintiff") filed his Complaint [1] against Defendants on November 17, 2016, alleging Defendants' electronic cigarette products (the "Accused Products") infringed Plaintiff's patent, U.S. Patent No. 9,380,812 (the "'812 Patent"). On January 17, 2017, Defendants filed their Answer [16] and their Counterclaim [17] alleging non-infringement and invalidity of the '812 Patent.

The Court held a Markman hearing on January 23, 2018 to construe the term "water chamber." The Court issued its Order re: Claim Construction ("Claim Construction Order") on January 25, 2018 construing "the term 'water chamber' as a chamber for holding water, not other liquids." Order re: Claim Construction 13:6-8, ECF No. 46.

On February 6, 2018, Plaintiff's counsel contacted Defendants' counsel to propose that the parties agree to dismiss Plaintiff's infringement claim. Decl. of Jen-Feng Lee in Supp. of Pl.'s Opp'n to Defs.' Mot. for Att'ys' Fees ("Lee Att'ys' Fees Decl.") ¶ 27, ECF No. 78. Defendants' counsel indicated that Defendants would stipulate to dismissal if Plaintiff agreed to pay Defendants' counsel's fees. Decl. of Jen-Feng Lee in Supp. of Pl.'s Mot. to Dismiss ("Lee Mot. to Dismiss

Decl."), Ex. A, ECF No. 49-3.[1] After some back-and-forth communication, the parties were unable to reach an agreement regarding dismissal of Plaintiff's infringement claim. Lee Att'ys' Fees Decl. ¶ 31.

Defendants filed their Motion for Partial Summary Judgment [47] on April 23, 2018. Plaintiff filed his Motion to Dismiss [49] on April 24, 2018. On June 4, 2018, the Court denied Plaintiff's Motion to Dismiss and granted Defendants' Motion for Partial Summary Judgment as to non-infringement of the '812 Patent [61].

Following the Court granting Defendants' Motion for Partial Summary Judgment, on June 14, 2018, Defendants voluntarily dismissed their remaining invalidity counterclaim [62]. The Court entered Judgment [68] in favor of Defendants on July 3, 2018.

Defendants filed the instant Motion [69] on July 13, 2018. Plaintiff filed his Opposition [77] on July 24, 2018, to which Defendants replied [79] on July 31, 2018.

## II. DISCUSSION

**A.** **Legal Standard**

The Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to

---

[1] The Court takes judicial notice of this Declaration already filed on its Docket and referenced in Mr. Lee's Declaration filed in support of Plaintiff's Opposition to Defendants' Motion for Attorneys' Fees. See Fed. R. Evid. 201; Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (citation omitted).

the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. Fees may be awarded where "a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless" exceptional. Id. at 1757. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Id. A party must prove its entitlement to fees by a preponderance of the evidence. Id. at 1758.

**B.  Discussion**

    1.  Substantive Strength of Plaintiff's Litigation Position

        a.  *Pre-Filing Investigation*

Defendants first argue that Plaintiff failed to conduct an adequate pre-filing investigation, which would have objectively shown that no infringement existed. "[C]ase law makes clear that the key factor in determining whether a patentee performed a

4

reasonable pre-filing inquiry is the presence of an infringement analysis." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1302 (Fed. Cir. 2004). "[A]n infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter." Id. In his Opposition, Plaintiff explains the pre-filing investigation he conducted, which consisted of two different attorneys reviewing the '812 Patent and the Accused Products. See Lee Att'ys' Fees Decl. ¶¶ 7-23. The first attorney was Clement Cheng, who prosecuted the '812 Patent, and the second attorney was Jeff Lee, Plaintiff's counsel in this Action. Id. ¶¶ 7, 17. While Mr. Cheng only appears to have reviewed a drawing of the Accused Products, see id., Ex. 1, Mr. Lee obtained one of the Accused Products, disassembled it, and reviewed its structure, id. ¶ 8. After reviewing the '812 Patent, the prosecution history of the '812 Patent, and a sample of the Accused Products, both attorneys concluded that there was a viable claim for infringement. Id. ¶¶ 16-17.

Defendants essentially argue that these two attorneys were unable to provide an objective analysis of potential infringement because of their connections to the '812 Patent and this litigation. First, while Mr. Cheng may have prosecuted the '812 Patent, there is no evidence that he would gain anything by giving an opinion that the Accused Products infringed the '812

Patent. Because Mr. Cheng prosecuted the '812 Patent, he is more knowledgeable about its claims, the potential construction of the claim terms, and the viability of an infringement claim. Second, while Plaintiff retained Mr. Lee to litigate this matter, there is no evidence to suggest that Mr. Lee would purposely prosecute a frivolous lawsuit. With no evidence to suggest otherwise, the Court assumes that Mr. Lee, as Plaintiff's attorney, would review the '812 Patent and Accused Products and only pursue litigation if Mr. Lee believed there was merit to Plaintiff's claims. See also Fujinomaki v. Google, LLC, No. 3:16-CV-03137-JD, 2018 WL 3632104, at *2 (N.D. Cal. July 31, 2018) (finding case not exceptional when the plaintiff's counsel investigated the accused products and there was no evidence the firm litigated in bad faith). It is improper for Defendants to, without evidence, imply that Mr. Lee would pursue meritless claims just to appease his client. Ultimately, because two separate attorneys reviewed the '812 Patent and the Accused Products and determined there was a viable claim for infringement, Plaintiff conducted a sufficient pre-filing investigation. See Q-Pharma, 360 F.3d at 1303 (finding "claim of infringement was supported by a sufficient factual basis" when the plaintiff obtained a sample of the accused product and compared it to the claims of the patent); cf. ThermoLife Int'l, LLC v. Myogenix Corp., No. 13CV651

JLS (MDD), 2017 WL 1235766, at *5 (S.D. Cal. Apr. 4, 2017) (finding pre-filing investigation was insufficient when the plaintiff did not rely on anything other than advertisements and failed to obtain a sample of the readily-available accused product).

    b. *Claim Construction Arguments*

  Defendants repeatedly argue that Plaintiff's claim construction arguments regarding the term "water chamber" were meritless and Plaintiff knew from the beginning of the litigation that the claimed "water chamber" could only hold water.  Importantly, in determining whether a case is exceptional, the court looks to the strength of the arguments, not their correctness.  <u>SFA Sys., LLC v. Newegg Inc.</u>, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (quoting <u>Octane Fitness</u>, 134 S. Ct. at 1756).  Claim construction is a customary step of patent litigation, and because it "is not an exact science, [] it is not unusual for parties to offer competing definitions of even the simplest claim language."  <u>Q-Pharma</u>, 360 F.3d at 1301.

  Defendants point to several quotes from this Court's Claim Construction Order to show that Plaintiff's claim construction arguments were unreasonable.  <u>See</u> Defs.' Mot. for Att'ys' Fees 10:3-8, ECF No. 69.  While the Court made clear in its Claim Construction Order that the intrinsic evidence strongly rebutted Plaintiff's construction of the term "water chamber," Plaintiff's arguments were not so extreme to

7

make this case "exceptional" for the purpose of attorneys' fees. In the Markman hearing, Plaintiff relied on the prosecution history, which showed the patent examiners' broad search terms when researching the '812 Patent, as well as the claim's lack of guidance regarding the liquid that is held in the "water chamber." While the Court may have disagreed with Plaintiff's arguments and ultimately ruled against Plaintiff, Plaintiff's arguments did not "contravene[] well-established law." Iris Connex, LLC v. Dell, Inc., 235 F. Supp. 3d 826, 847 (E.D. Tex. 2017) (finding case was exceptional when, among other things, the plaintiff proposed construction that went against clear claim construction jurisprudence). Ultimately, while Plaintiff's arguments may have been unconvincing, they were not so frivolous to make this case stand out from others, which would make this Action "exceptional."

2. Manner of Litigation

Defendants also argue that Plaintiff's conduct during the litigation was unreasonable,[2] and the only

---

[2] In addition to the conduct discussed below, Defendants also argue that Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment relied on mere conclusory arguments. However, "[m]erely losing at summary judgment is not a basis for an exceptional case finding." Cambrian Science Corp. v. Cox Commc'n, Inc., 79 F. Supp. 3d 1111, 1114 (C.D. Cal. 2015). While Plaintiff did offer a half-hearted opposition to Defendants' Motion for Partial Summary Judgment with little evidence to support his arguments, the Court finds that this alone is insufficient to determine this case is exceptional. This is especially true given that Plaintiff was trying to dismiss his claim simultaneously.

8

possible motivation for this Action was retaliation for Defendants filing an action against Plaintiff in state court. Defendants focus on Plaintiff's actions following the Court's Claim Construction Order.

After the Court issued its Claim Construction Order on January 25, 2018, Plaintiff's counsel contacted Defendants' counsel on February 6, 2018 to inform Defendants that Plaintiff intended to dismiss his claim against Defendants. See Lee Att'ys' Fees Decl., Ex. 2. Defendants argue that while Plaintiff may have stated that he intended to dismiss his claim shortly after the Claim Construction Order, he did not move to do so until after Defendants filed their Motion for Partial Summary Judgment on April 23, 2018. Both parties blame each other for the delay in Plaintiff's attempt to dismiss his claim, but Defendants' desire for attorneys' fees appears to be the reason for the delay. See Lee Mot. to Dismiss Decl., Ex. A. Because Defendants filed counterclaims against Plaintiff, Plaintiff could not dismiss the Action over Defendants' objection. See Fed. R. Civ. P. 41(a)(2). Defendants were only willing to dismiss the Action if Plaintiff offered to pay Defendants' counsel's fees. See Lee Mot. to Dismiss Decl., Ex. A. It is reasonable for Plaintiff to not agree to pay Defendants' counsel's fees when such fees are only recoverable in "exceptional" cases. Both parties were adversarial during this litigation, but ultimately, Plaintiff

sought to dismiss his claim shortly after the Court's Claim Construction Order. Such conduct prevents a finding that this case is exceptional. Compare <u>Joao Control & Monitoring Sys., LLC v. Chrysler Grp. LLC</u>, No. 13-cv-13957, 2017 U.S. Dist. LEXIS 130405, at *21 (E.D. Mich. Aug. 16, 2017) (noting cases can be exceptional where the plaintiff continues to litigate after the plaintiff suffers an adverse claim construction), with <u>In re Protegrity Corp.</u>, No. 3:15-MD-02600-JD, 2017 WL 747329, at *4 (N.D. Cal. Feb. 27, 2017) (denying motion for attorneys' fees when the plaintiff sought to dismiss its claims after suffering an adverse ruling).

With regard to Defendants' accusation that Plaintiff filed this Action in retaliation for Defendants filing an action against Plaintiff in state court, there is nothing in the record to suggest this is true. Defendants argue that because Plaintiff's infringement arguments were objectively unreasonable, retaliation is the only possible motive. Even if this Court found that Plaintiff's arguments were objectively unreasonable, Defendants have not provided any evidence, other than the timing of the two lawsuits, to suggest a retaliatory motive. Accordingly, this argument is not well taken.

Defendants have thus failed to show that Plaintiff's conduct in this Action was objectively unreasonable enough to categorize this Action as

exceptional. Because this case is not "exceptional" under 35 U.S.C. § 285, Defendants are not entitled to recover their attorneys' fees.

## III. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion.

**IT IS SO ORDERED.**

DATED: August 14, 2018            s/ RONALD S.W. LEW

                                          **HONORABLE RONALD S.W. LEW**
                                          Senior U.S. District Judge